JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Daniel Forte

## DEFENDANTS

State Farm Insurance Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Bucks Cty,PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Bloomington,Ill__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard D. Malmed, Esquire
1401 Walnut St., Suite 300
Philadelphia, PA 19102

ATTORNEYS (IF KNOWN)

Joseph M. Hankins, Esquire
Britt, Hankins, Schaible & Moughan
2 Penn Center, Suite 515
Philadelphia, PA 19102-1888

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Bad Faith

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ excess of $50,000

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _Cmith M Hank_ 5/9/02

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Daniel Forte, 5431 Flushing Road, Bensalem, PA. 19020

Address of Defendant: State Farm Insurance Co., One State Farm Plaza, Bloomington, Ill. 6170-0001

Place of Accident, Incident or Transaction: Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☒ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify)   Insurance Bad Faith |
| 11. ☐ All other Federal Question Cases (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Joseph M. Hankins, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case may exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/9/02 _____ 20052
                  Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Daniel Forte :  CIVIL ACTION

v. :

State Farm Insurance Company :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                    ( )

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                 ( )

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                          ( )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.                        (X)

_5/8/02_
Date

_Attorney-at-law_

Defendant, State Farm Ins. Co.
Attorney for

**CN**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL FORTE                    :    CIVIL ACTION

v.                              :    NO.: 02-CV-2775

                                :    A TRUE COPY CERTIFIED FROM THE RECORD
STATE FARM INSURANCE            :    DATED: 5-9-02
COMPANY                         :    ATTEST: Dennis Kyler
                                     DEPUTY CLERK, UNITED STATES DISTRICT COURT
                                     EASTERN DISTRICT OF PENNSYLVANIA

### NOTICE OF REMOVAL

**TO:  THE UNITED STATES DISTRICT COURT FOR THE EASTERN
      DISTRICT OF PENNSYLVANIA:**

State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in

the above-captioned matter, hereby files a Notice of Removal of this case from the Court

of Common Pleas of Bucks County, Pennsylvania, in which it is now pending, to the

United States District Court for the Eastern District of Pennsylvania. This Notice is filed

pursuant to 28 U.S..C. §1441, et seq., and in support thereof, Defendant states the

following:

1.      This action was commenced in the Court of Common Pleas of Bucks

County, Pennsylvania, on April 1, 2002. This action is docketed in the State Court at

No.: 02-02118-26-1. A copy of the State Court Action is attached hereto as Exhibit "A."

2.      Plaintiff, Daniel Forte, is a citizen of the Commonwealth of Pennsylvania.

See Exhibit "A" at ¶1.

3.      Defendant, State Farm, is a corporation incorporated under the laws of

Illinois with its principal place of business located in Bloomington, Illinois. State Farm is

a citizen of Illinois.

4.      The value of the matter in controversy exceeds the amount of $75,000,

exclusive of interest and costs, as this Notice of Removal was filed after Plaintiff's

counsel refused to sign a Stipulation that the recoverable items of damage do not exceed

$75,000. <u>See</u> a true and correct copy of the Stipulation and the correspondence

forwarding said Stipulation to Plaintiff's counsel attached hereto as Exhibit "B".

5.     The instant lawsuit is removable from State Court to the United States

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332(a) (1)

and §1441 (a).

6.     Copies of all the process, pleadings and Orders served upon or otherwise

received by State Farm are attached as Exhibit "A."

7.     The Complaint was served upon State Farm on April 11, 2002.

8.     This Notice of Removal is timely, as it is being filed within thirty (30) days,

as that period is computed under the Federal Rules, of service upon or receipt by

Defendant of a copy of the State Court Action.

     WHEREFORE, Defendant respectfully requests that this action be removed

from the Court of Common of Pleas of Bucks County, Pennsylvania, to the United States

District Court for the Eastern District of Pennsylvania.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____

Joseph M. Hankins, Esquire
Attorney I.D. No. 20052
Elizabeth Luening Long, Esquire
Attorney I.D. No. 84845
BRITT, HANKINS, SCHAIBLE & MOUGHAN
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
215-569-6900
Attorneys for Defendant

DATED: 5/6/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL FORTE                          :        CIVIL ACTION
                                      :
v.                                    :        NO.:
                                      :
STATE FARM INSURANCE                  :
COMPANY                               :

## MEMORANDUM OF LAW

Title 28, U.S.C. § 1441 provides, in part, that,

> (a)    Any civil action brought in the State Court of which the District
> Courts of the United States have original jurisdiction, may be removed
> by the defendant or defendants to the District Court of the United States
> for the district and the division embracing the place where such action
> is pending.

In this case, Plaintiff filed an action against Defendant in the Bucks County Court of

Common Pleas, Commonwealth of Pennsylvania. Plaintiff is and has, at all relevant times,

been a citizen of the Commonwealth of Pennsylvania. See Exhibit "A" at ¶1. Defendant,

State Farm Mutual Automobile Insurance Company ("State Farm") is and has, at all relevant

times, been a corporation existing under the laws of the State of Illinois with its principal

place of business located in Bloomington, Illinois. The value of the matter in controversy

exceeds the amount of $75,000, exclusive of interest and costs, as this Notice of Removal

was filed after Plaintiff's counsel refused to sign a Stipulation that the recoverable items of

damage do not exceed $75,000. See a true and correct copy of the Stipulation and the

correspondence forwarding said Stipulation to Plaintiff's counsel attached hereto as Exhibit

"B". State Farm was served on April 11, 2002.

Under these circumstances, this Court has original jurisdiction over the instant

controversy based upon complete diversity of citizenship between the parties, Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332(a)(1).

Therefore, Defendant respectfully requests that the state court action be removed to the federal forum.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____

Joseph M. Hankins, Esquire
Attorney I.D. No. 20052
Elizabeth Luening Long, Esquire
Attorney I.D. No. 84845
BRITT, HANKINS, SCHAIBLE & MOUGHAN
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
215-569-6900
Attorneys for Defendants

Dated: _5/9/02_

**EXHIBITS NOT SCANNED**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Defendant's Notice of Removal was forwarded this day to the below listed counsel by First Class Regular U.S. Mail:

> Richard D. Malmed, Esquire
> 1401 Walnut Street, Suite 300
> Philadelphia, PA 19102

Joseph M. Hankins, Esquire
Elizabeth Luening Long, Esquire

Dated: 5/9/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FORTE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.: 02-CV-2775 |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY | : | |

## NOTICE OF AFFIDAVIT OF FILING
## <u>CERTIFIED COPY OF NOTICE OF REMOVAL</u>

TO THE CLERK OF COURT:

Please take notice of the attached Affidavit of Filing of the Certified copy of the

Notice of Removal of Defendant State Farm Mutual Automobile Insurance Co. pursuant

to 28 U.S.C. § 1441, <u>et seq.</u>, with the Court of Common Pleas of Bucks County.


BRITT, HANKINS, SCHAIBLE & MOUGHAN


BY: _Elizabeth Luening Long_____
Joseph M. Hankins
Elizabeth Luening Long
Attorneys for Defendant

Dated: 5/9/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL FORTE                          :        CIVIL ACTION
                                      :
    v.                                :        NO.:02-CV-2775
                                      :
STATE FARM INSURANCE                  :
COMPANY                               :                FILED MAY 1 3 2002

## **A F F I D A V I T**

COMMONWEALTH OF PENNSYLVANIA          :
                                      :        SS
COUNTY OF PHILADELPHIA                :

    I, Elizabeth L. Long, Equire, Court Clerk of Britt, Hankins, Schaible & Moughan,

being sworn according to law, deposes and says that he filed a certified copy of

Defendant's Notice of Removal of the foregoing action to Federal Court, including the

Exhibit attached, with the Court of Common Pleas of Bucks County, Pennsylvania on

May 9, 2002.

                                       _Elizabeth Luening Long_
                                        Elizabeth Luening Long, Esquire

Sworn to and Subscribed
before me this 9th day

of May , ~~1996~~        _Anastasia Faracchio_ NOTARY PUBLIC

NOTARIAL SEAL
ANASTASIA FARACCHIO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 18, 2005

BRITT, HANKINS, SCHAIBLE & MOUGHAN
BY:   Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Two Penn Center Plaza
Suite 515                                    Attorneys for Defendant,
Philadelphia, PA 19102                       State Farm
(215) 569-6904

| DANIEL FORTE | : | BUCKS COUNTY |
|---|---|---|
| | : | |
| v. | : | COURT OF COMMON PLEAS |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY | : | NO.: 02-02118-26-1 |

TO THE PROTHONOTARY:

Pursuant to 28 U.S.C. § 1446 (e), Defendant State Farm Mutual Automobile

Insurance Company hereby files the attached certified copy of the Notice of Removal

filed with the Clerk of Court of the Eastern District of Pennsylvania on the 9th day of

May, 2002.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _Elizabeth Luening Long_____
Joseph M. Hankins Esquire
Elizabeth Luening Long, Esquire
Attorneys for Defendant,
State Farm Mutual Automobile Insurance
Company

Dated: _5/9/02_____

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Affidavit of Filing Certified Copy

of Notice of Removal has been served, this day, by regular mail as follows:

Richard D. Malmed, Esquire
1401 Walnut Street, Suite 300
Philadelphia, PA 19102


Joseph M. Hankins, Esquire
Elizabeth Luening Long, Esquire

Dated: **5/10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL FORTE                        :        CIVIL ACTION
                                    :
    v.                              :        NO.:02-CV-2775
                                    :
STATE FARM INSURANCE                :
COMPANY                             :

**O R D E R**

AND NOW, this          day of          , 2002, upon consideration of

State Farm Mutual Automobile Insurance Company's Motion to Dismiss Daniel Forte's

Complaint Pursuant to F. R. Civ. P. 12(b)(6) and any Response thereto, it is hereby

ORDERED and DECREED that said Motion is GRANTED and Plaintiff, Daniel Forte's,

Complaint is DISMISSED with prejudice.

BY THE COURT:

_____
                                              J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FORTE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.:02-CV-2775 |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY | : | |

## O R D E R

AND NOW, this          day of          , 2002, upon consideration of

State Farm Mutual Automobile Insurance Company's Motion for a More Definite

Statement Pursuant to F. R. Civ. P. 12(e) and any Response thereto, it is hereby

ORDERED and DECREED that said Motion is GRANTED and Plaintiff, Daniel Forte, is

ORDERED to file an Amended Complaint within ten (10) days.


BY THE COURT:


_____
                                                              J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL FORTE                          :        CIVIL ACTION
                                      :
v.                                    :        NO.:02-CV-2775
                                      :
STATE FARM INSURANCE                  :
COMPANY                               :

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS DANIEL FORTE'S COMPLAINT PURSUANT TO F. R. CIV. P. 12(B)(6) AND ALTERNATIVE MOTION PURSUANT TO F. R. CIV. P. 12(E)

Defendant is State Farm Mutual Automobile Insurance Company ("State Farm").

State Farm is incorrectly named in the caption as "State Farm Insurance Company".  With

that correction, State Farm, by and through its counsel, Britt, Hankins, Schaible &

Moughan, respectfully files this Motion to Dismiss Pursuant to F. R. Civ. P. 12(b)(6) and

an Alternative Motion Pursuant to F. R. Civ. P. 12(e) and in support thereof, avers the

following:

1.      On or about August 31, 2000, Plaintiff, Daniel Forte, was involved in an

automobile accident in Bucks County, Pennsylvania, in which he allegedly suffered

various injuries.  A true and correct copy of the Complaint is attached hereto as Exhibit

"A" at ¶¶4-5.

2.      At the time of the accident, Plaintiff was covered by an automobile

insurance policy issued by State Farm.  See Exhibit "A" at ¶ 3.

3.      The policy provided for $100,000 in coverage for first-party medical

1

benefits (Coverage C2). A true and correct copy of State Farm's computer print out evidencing Mr. Forte's policy information is attached hereto as Exhibit "B".

4. On September 21, 2000, Plaintiff submitted an Application for First Party Medical Benefits to State Farm. A true and correct copy of said Application is attached hereto as Exhibit "C".

5. As of April 12, 2002, State Farm has paid out $79,435.33 in first party medical benefits on behalf of Plaintiff. True and correct copies of the computerized and handwritten PIP payout logs are attached hereto as Exhibit "D".

6. In accordance with 75 Pa.C.S.A. § 1797(b)(1), State Farm timely requested within ninety (90) days of its receipt of the bills, a PRO to review the medical bills submitted by Dr. Stuart Kauffman for treatment from December 6, 2001 and beyond; Riverside Physical Therapy for treatment from January 11, 2002 and beyond; and, Shelly's Pharmacy for prescriptions from December 22, 2001 and beyond. The PRO was requested to determine the medical reasonableness and necessity of Mr. Forte's ongoing treatment and numerous prescriptions for pain medication. A true and correct copy of the Correspondence evidencing State Farm's timely request is attached hereto as Exhibit "E".

7. In accordance with 31 Pa. Code § 69.52(c), the PRO requested from the providers the records and documents necessary to undertake its review. True and correct copies of said requests are attached hereto as Exhibit "F".

8. In accordance with 31 Pa. Code § 69.52(d), the PRO submitted its review of the records within thirty (30) days of its receipt of the requested records from the

2

providers. True and correct copies of the PRO time frame report and the PRO review are attached hereto as Exhibits "G" and "H", respectively.

9. Andrew A. Badulak, D.O., the PRO physician, concluded that, "...it is my medical opinion that any and all care rendered to Daniel Forte by treatment of Dr. Stuart Kauffman from December 6,2001 and beyond should be considered unreasonable and unnecessary for injuries sustained from the August 31, 2000 accident. This would include referring Mr. Forte to Riverside Physical Therapy from January 11, 2002, and Shelly's Pharmacy from December 22, 2001 and beyond." See Exhibit "H" at bate stamp #0961. The PRO did not opine about causation. See Exhibit "H" in its entirety.

10. Therefore, payment of these bills was denied by letters dated April 12, 2002. True and correct copies of the letters from State Farm to the providers denying payment are attached hereto as Exhibit "I".

11. No request for reconsideration under 75 Pa.C.S.A. § 1797(b)(2) was made.

12. No action for breach of contract was filed.

13. On April 11, 2002, Plaintiff filed the Complaint in the above captioned matter in the Court of Common Pleas of Bucks County, alleging that State Farm acted in "bad faith" by withholding payments of Plaintiff's first party medical bills. See Exhibit "A" at ¶ 11.

14. On May 9, 2002, State Farm removed said action to Federal Court based upon complete diversity of citizenship. A true and correct copy of the Notice of Removal

3

is attached hereto as Exhibit "J".

15.     State Farm now files this Motion to Dismiss because, under the above circumstances, Plaintiff cannot sustain a cause of action for "bad faith" pursuant to 42 Pa.C.S.A. § 8371 and can also not recover damages pursuant to 75 Pa.C.S.A. §1797(b).

16.     In the alternative, State Farm requests that Plaintiff be ordered to file an Amended Complaint setting forth with greater specificity his allegations of breach of contract, if he intends to pursue same.

**STATE FARM'S MOTION TO DISMISS PURSUANT TO F. R. Civ. P. 12(b)(6)**

17.     Defendant incorporates by reference Paragraphs 1 through 16 as though fully set forth herein.

18.     Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) Motion, the Court must accept as true all well pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the Plaintiff's Complaint and must determine whether "under any reasonable reading of the pleadings, the Plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996).

19.     The Court may consider matters outside the pleadings and treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b)(6).

20.     Plaintiff did not cite the "bad faith" statute in his Complaint, but did charge State Farm with "bad faith."  Pursuant to 42 Pa.C.S.A. §8371, an insured may seek recovery against his insurer for acts of "bad faith" and  may recover interest in the amount

4

of the claim from the date the claim was made at the prime rate of interest plus three percent, punitive damages, and/or court costs and attorney's fees.

21.    Section 1797 of the PMVFRL establishes a procedure for evaluating the reasonableness and necessity of claims with respect to charges for medical treatment by permitting an insurer to employ a PRO.

22.    Section 1797(b) authorizes an automatic award of statutory interest (12 percent) "and all attorney's fees" if a court determines that health care treatment was "medically necessary" and the insurer has refused to pay for the medical care without first challenging the reasonableness or necessity of such treatment before a PRO. 75 Pa.C.S.A. § 1797(b)(4)(6).

23.    Section 1797(b)(4) exposes an insurer to treble damages if it engages in "wanton" conduct while refusing to pay medical expense benefits without first seeking a peer review.

24.    The vast majority of Pennsylvania Courts have concluded that no cause of action for bad faith exists pursuant to 42 Pa.C.S.A. § 8371 for the denial of payment for first party medical benefits because Sections 8371 and 75 Pa.C.S.A. §1797 are irreconcilable since they provide for different damages and require different standards to be met. See cases cited infra at ¶¶ 29-31.

25.    Pursuant to the Statutory Construction Act,

> Whenever a general provision in a statute shall be in conflict
> with a special provision in the same or another statute, the two
> shall be construed, if possible, so that effect may be given to both.

5

> If the conflict between the two provisions is irreconcilable, the
> special provisions shall prevail and shall be construed as an
> exception to the general provision, unless the general provision
> shall be enacted later and it shall be the manifest intention of the
> General Assembly that such general provision shall prevail.

1 Pa. C.S.A. § 1933.

26.    Due to the fact that these Sections are irreconcilable, the narrower of the

two should apply.  Barnum v. State Farm Mutual Ins. Co., 430 Pa. Super. 488, 496, 635

A.2d 155, 158 (1993) [1].

27.    The provisions of 75 Pa.C.S.A. § 1797 are narrowly limited to those

situations in which a disputed claim is to be submitted to the PRO procedure.  Id.  If the

procedure is followed by an insurer, its liability cannot be greater than that set forth

therein.  Id. at 496, 158-159.

28.    Therefore, the specific provisions of 75 Pa.C.S.A. § 1797 must be deemed

an exception to the general remedy for "bad faith" contained in 42 Pa.C.S.A. § 8371 and,

therefore, Section 1797 provides the exclusive remedy for first party medical benefit

claims.  Id.

29.    Even after the partial reversal of Barnum, numerous State Courts have held

that Section 1797 is the exclusive remedy for insureds aggrieved by peer reviews and

---

[1]Barnum was reversed in part by the Pennsylvania Supreme Court's decision in Terminato v. Pennsylvania
National Ins. Co., 538 Pa. 60, 67, 645 A.2d 1287, 1290 (1994).  The Court in Barnum, determined two issues: 1) an
insured cannot commence litigation if [s]he fails to request reconsideration of a PRO denial; and 2) no claim
pursuant to 42 Pa.C.S.A. §8371 exists for the denial of first party medical payments.  Barnum, 430 Pa. Super. at
494, 496, 635 A.2d at 157, 158-159.  The Court in Terminato only addressed the first issue and held that an insured
does not need to exhaust the PRO process before initiating a lawsuit for payment of first party medical benefits.
Terminato, 538 Pa. at 68, 645 A.2d at 1291.  Terminato, however, was silent on the second issue, and therefore,
Barnum is still good law.

6

deemed Section 8371 as subservient to Section 1797(b) in that context. <u>Grissinger v. Nationwide Mutual Ins. Co.</u>, 39 Pa. D. & C. 4th 209, 214-216 (Dauph Cty. 1998); <u>Evans v. State Farm Ins. Co.</u>, 39 Pa. D. & C. 4th 193, 200-201 (Elk Cty. 1997); <u>Kuropatwa v. State Farm Mutual Automobile Ins. Co.</u>, 29 Pa. D. & C. 4th 494, 504 (Bucks Cty. 1995) aff'd mem., 454 Pa. Super. 714, 685 A.2d 1050 (1996), <u>rev'd on other grounds</u>, 554 Pa. 456, 721 A.2d 1067 (1998).

30.    Further, and more importantly, the Third Circuit held, before <u>Barnum's</u> partial reversal, that Section 1797 was the exclusive remedy when a claim for first party medical benefits was involved. <u>Gemini Physical Therapy & Rehab. Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 40 F.3d 63, 67 (3d Cir. 1994).

31.    Even after <u>Barnum's</u> partial reversal, numerous Judges from the United States District Court for the Eastern District of Pennsylvania have applied the rationale of <u>Gemini</u> and <u>Barnum</u> in determining that Section 8371 is irreconcilably inconsistent with Section 1797(b). <u>Panameno v. State Farm Mut. Auto. Ins. Co.</u>, 1999 WL 320916 (E.D. Pa. 1999)(Ludwig J.); <u>Cardwell v. State Farm Mut. Auto Ins. Co.</u>, 1999 WL 239363 (E.D. Pa. 1999)(Buckwalter, J.); <u>Gargiulo v. Allstate Ins. Co.</u>, 1997 WL 551794 (E.D. Pa. 1997)(Fullam, S.J.); <u>Seasor v. Liberty Mut. Ins. Co.</u>, 941 F. Supp. 488, 492-493 (E.D. Pa. 1996)(Broderick, J.); <u>Stewart v. State Farm Mut. Auto Ins. Co.</u>, 1996 WL 153546 (E.D. Pa. 1996)(Kelly, J.); <u>Grevy v. State Farm Insurance Companies</u>, 1996 WL 107851 (E.D. Pa. 1996)(Reed, J.); <u>Cohen v. American Intl. Ins. Co.</u>, 1996 WL 103793 (E.D. Pa. 1996)(Yohn, J.); <u>Mahnke v. Maryland Casualty Co.</u>, 1995 WL 574371

7

(E.D. Pa. 1995)(Padova, J.); <u>Bennet v. State Farm Fire and Casualty Ins. Co.</u>, 890 F.

Supp. 440 (E.D. Pa. 1995)(Joyner, J.); <u>McGrane v. Liberty Mut. Ins. Co.</u>, 1994 WL

649353 (E.D. Pa. 1994)(Bechtle, J.).

32.    A few Courts have carved out an exception to the position discussed above,

after the Pennsylvania Supreme Court's partial reversal of <u>Barnum,</u> by holding that the

"bad faith" provisions of Section 8371 are applicable to peer review denials in which the

PRO exceeds its statutory power by formulating a "causation" finding.  <u>Neun v. State</u>

<u>Farm Ins. Co.</u>, 1996 WL 220980, (E.D. Pa. 1996)(Hutton, J.); <u>Schwartz v. State Farm Ins.</u>

<u>Co.</u>, 1996 WL 189839 (E.D. Pa. 1996)(Rendell, J.).

33.    In this case, the PRO did not opine about causation, and the proper

procedure was followed.  <u>See</u> Exhibits "E", "F", "G", "H" and "I".

34.    In the present matter, Plaintiff has made a bald allegation in his Complaint

that State Farm somehow acted in "bad faith" by withholding payment of his first party

medical benefits.  <u>See</u> Exhibit "A" at ¶11.

35.    In light of the case law discussed above, Plaintiff cannot set forth a claim

pursuant to 42 Pa.C.S.A. § 8371 for "bad faith" because the propriety of a denial of first

party medical benefits can only be challenged pursuant to 75 Pa.C.S.A. §1797 and,

therefore, Plaintiff's Complaint must be dismissed with prejudice as to "bad faith."

36.    Plaintiff cannot sustain a cause of action for "bad faith" because Plaintiff

does not allege that the PRO exceeded its statutory authority by denying payment of first

party medical benefits on the basis of causation and not reasonableness or necessity.  <u>See</u>

8

Exhibit "A."

37.    In the event that Plaintiff seeks to recover pursuant to 75 Pa.C.S.A. §

1797(b) and not Section 8371, the Complaint must still be dismissed because such a claim

cannot be sustained.  This Section is only applicable when an insurer has not challenged

the reasonableness or necessity of first party medical benefits before a PRO.  75

Pa.C.S.A. § 1797(b); Neun, 1996 WL 220980, *3; Schwarz, 1996 WL 189839, * 5-8;

Bacstrom v. State Farm Ins. Co., 40 Pa. D. & C. 4th 330, 336-338 (Franklin Cty. 1998).

38.    Plaintiff can not recover treble damages pursuant to this Section because no

wanton conduct has been alleged.  75 Pa. C.S.A. § 1797; See Exhibit "A."

39.    Therefore, a cause of action pursuant to Section 1797 cannot be maintained,

and Plaintiff's Complaint must be dismissed.

40.    In light of the clear case law and the circumstances of this case, Plaintiff's

only remedy is to allege a cause of action for breach of contract, which Plaintiff has not

done, and, therefore, Plaintiff's Complaint must be dismissed.  See Exhibit "A."

WHEREFORE, State Farm respectfully requests that this Honorable Court grant

its Motion to Dismiss Pursuant to F. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint

in its entirety.

## STATE FARM'S ALTERNATIVE MOTION PURSUANT TO F. R. CIV. P. 12(e)

41.    Defendant incorporates by reference Paragraphs 1 through 40 as though

fully set forth herein.

42.    Pursuant to Federal Rule of Civil Procedure 12(e),

9

> if a pleading to which a responsive pleading is permitted
> is so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may move
> for a more definite statement before interposing a responsive
> pleading.

43.   In the present matter, the only Paragraph of Plaintiff's Complaint that addresses the legal theory upon which he bases his claim for relief is Paragraph 11, which states, "Defendant has, in bad faith and without just cause, withheld payments of defendant[']s pharmaceutical bills." [2] See Exhibit "A" at ¶ 11.

44.   Plaintiff does not cite the statute under which he is proceeding or identify his legal cause of action and, therefore, State Farm can not determine whether Plaintiff is proceeding pursuant to 42 Pa.C.S.A. § 8371, 75 Pa.C.S.A. §1797 or for breach of contract.

45.   To the extent that plaintiff may have asserted a cause of action under 42 Pa. C.S.A. § 8371 (i.e. - "in bad faith . . . withheld payments") and/or 75 Pa. C.S.A. § 1797 (i.e. "without just cause, withheld payments"), the Complaint should be dismissed, and an Amendment to plead same would be futile.

46.   To the extent that plaintiff's Complaint may aver a cause of action for breach of contract (i.e. "without just cause, withheld payment"), plaintiff should be ordered to replead and specify the terms and conditions of the policy breached and the damages sustained.

---

[2] Defendant assumes, for purposes of this Motion only, that Plaintiff intended to plead that payment of Plaintiff's and not "Defendant[']s" pharmaceutical bills was withheld.

WHEREFORE, in the event this Honorable Court should dismiss the claim for "bad faith" and any potential 1797 claim and refuse permission to amend to include same, State Farm also respectfully requests that this Honorable Court grant its Alternative Motion Pursuant to F. R. Civ. P. 12(e) and order Plaintiff to file an Amended Complaint within ten (10) days, if he intends to pursue a breach of contract claim.

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

BY: _____
Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Elizabeth Luening Long, Esquire
Attorney. I.D. No.: 84845

Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
215-569-6900
Attorneys for Defendant

Dated: 5/16/02

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FORTE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.:02-CV-2775 |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY | : | |

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DANIEL FORTE'S COMPLAINT PURSUANT TO F. R. CIV. P. 12(B)(6) AND ALTERNATIVE MOTION PURSUANT TO F. R. CIV. P. 12(E)

## I.    INTRODUCTION

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm")[1],

files this Motion to Dismiss Plaintiff, Daniel Forte's, Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim upon which relief

can be granted.  Plaintiff's Complaint seems to allege that State Farm acted in "bad faith"

by withholding payment of Plaintiff's first party medical benefits.  A true and correct

copy of the Complaint is attached hereto as Exhibit "A".  However, Plaintiff does not

specify the statutory basis upon which he is proceeding.  Further, regardless of the

statutory basis, his claim for "bad faith" and/or violation of Section 1797 are completely

without merit.   A claim for "bad faith", pursuant to 42 Pa.C.S.A. §8371, does not apply

to actions for first-party benefits.  Rather, a plaintiff is restricted to his remedy pursuant to

---

[1] State Farm is incorrectly named in the caption as "State Farm Insurance Company."

the Pennsylvania Motor Vehicle Financial Responsibility Act ("PMVFRL"), 75 Pa.C.S.A.
§ 1797(b).

Even if Plaintiff were to pursue a claim pursuant to 75 Pa.C.S.A. § 1797(b),
Plaintiff has failed to plead a cause of action because State Farm properly performed a
peer review organization ("PRO") review of Plaintiff's medical bills. It was determined
by the PRO that the disputed bills were neither medically reasonable nor necessary.
Additionally, Plaintiff has not alleged any wanton conduct on the part of State Farm or
defects in the PRO procedure. Plaintiff is limited to a breach of contract action, which
clearly has not been pled properly. Therefore, Plaintiff's Complaint must be dismissed in
its entirety for failure to state a claim upon which relief can be granted.

In the alternative, if the court finds that plaintiff can pursue a breach of contract
claim then State Farm requests that Plaintiff be ordered to file an Amended Complaint
setting forth his claims and damages for breach of contract with specificity.

## II.    FACTUAL BACKGROUND

On or about August 31, 2000, Plaintiff, Daniel Forte, was involved in an
automobile accident in Bucks County, Pennsylvania, in which he allegedly suffered
various injuries. See Exhibit "A" at ¶¶4-5. At the time of the accident, Plaintiff was
covered by an automobile insurance policy issued by State Farm. See Exhibit "A" at ¶ 3.
The policy provided for $100,000 in coverage for first-party medical benefits (Coverage
C2). A true and correct copy of State Farm's computer print out evidencing Mr. Forte's

policy information is attached hereto as Exhibit "B". On September 21, 2000, Plaintiff submitted an Application for First Party Medical Benefits to State Farm. A true and correct copy of said Application is attached hereto as Exhibit "C". As of April 12, 2002, State Farm has paid out $79,435.33 in first party medical benefits on behalf of Plaintiff. True and correct copies of the computerized and handwritten PIP payout logs are attached hereto as Exhibit "D".

In accordance with 75 Pa.C.S.A. § 1797(b)(1), State Farm timely requested within ninety (90) days of its receipt of the bills, a PRO to review the medical bills submitted by (1) Dr. Stuart Kauffman for treatment from December 6, 2001 and beyond; (2) Riverside Physical Therapy for treatment from January 11, 2002 and beyond; and, (3) Shelly's Pharmacy for prescriptions from December 22, 2001. The PRO was asked to opine about the medical reasonableness and necessity of Mr. Forte's ongoing treatment and numerous prescriptions for pain medication. A true and correct copy of the Correspondence evidencing State Farm's timely request is attached hereto as Exhibit "E".

Pursuant to 31 Pa. Code § 69.52(c), the PRO requested from the providers the records and documents necessary to undertake its review. True and correct copies of said requests are attached hereto as Exhibit "F".

In accordance with 31 Pa. Code § 69.52(d), the PRO submitted its review of the records within thirty (30) days of its receipt of the requested records from the providers. True and correct copies of the PRO time frame report and the PRO review are attached hereto as Exhibits "G" and "H", respectively. The review by Andrew Badulak, D.O.

concluded that "...it is my medical opinion that any and all care rendered to Daniel Forte by Dr. Stuart Kauffman from December 6, 2001 and beyond should be considered unreasonable and unnecessary for injuries sustained from the August 31, 200 accident. This would include referring Mr. Forte to Riverside Physical Therapy from January 11, 2002, and Shelly's Pharmacy from December 22, 2001 and beyond." See Exhibit "H" at bate stamp #0961. The PRO did not opine about causation. See Exhibit "H".

Therefore, payment of these bills was denied by letters dated April 12, 2002. True and correct copies of the letters from State Farm to the providers denying payment are attached hereto as Exhibit "I".

No request for reconsideration under 75 Pa.C.S.A. § 1797(b)(2) was made. No action for breach of contract was filed. Rather, on April 11, 2002, Plaintiff filed the Complaint in the above captioned matter in the Court of Common Pleas of Bucks County, alleging that State Farm acted in "bad faith" by withholding payments of Plaintiff's first party medical bills. See Exhibit "A" at ¶ 11.

On May 9, 2002, State Farm removed said action to Federal Court based upon complete diversity of citizenship. A true and correct copy of the Notice of Removal is attached hereto as Exhibit "J". State Farm now files this Motion to Dismiss because Plaintiff cannot sustain a cause of action for "bad faith" pursuant to 42 Pa.C.S.A. § 8371 and can also not recover damages pursuant to 75 Pa.C.S.A. §1797(b). Plaintiff is limited to a breach of contract action, which clearly has not been pled. In the alternative, State Farm requests that Plaintiff be ordered to file an Amended Complaint setting forth with

4

greater specificity his allegations regarding any breach of contract and his damages caused by same.

### III.    DISCUSSION

#### A.    State Farm's Motion to Dismiss Should be Granted Because, as a Matter of Law, Plaintiff cannot Sustain a Cause of Action for "bad faith" Pursuant to 42 Pa.C.S.A. § 8371 or a Cause of Action Pursuant to 75 Pa.C.S.A. § 1797(b)

##### 1.    Standard for a Motion to Dismiss Pursuant to F. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) Motion, the Court must accept as true all well pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the Plaintiff's Complaint and must determine whether "under any reasonable reading of the pleadings, the Plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996).  "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action." Id.

Although the Court must construe the Complaint in the light most favorable to the Plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id.  Further, the Court may consider matters outside the pleadings and treat the

motion to dismiss as a motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).

> **2.    Plaintiff's Complaint must be dismissed because, as a matter of law,  a cause of action for "bad faith" pursuant to 42 Pa.C.S.A. § 8371 does not exist for the denial of first party medical payments**

Pursuant to 42 Pa.C.S.A. §8371, an insured may seek recovery against his insurer

for acts of "bad faith".  Although Section 8371 does not define "bad faith", that term

"imports a dishonest purpose and means breach of a known duty (i.e., good faith and fair

dealing), through some motive of self-interest or ill will; mere negligence or bad

judgment is not bad faith." Romano v. Nationwide Mut. Fire Ins. Co., 646 A.2d 1228,

1231 (Pa. Super. 1984).  Pursuant to Section 8371, an insured may recover interest in the

amount of the claim from the date the claim was made at the prime rate of interest plus

three percent, punitive damages, and/or court costs and attorney's fees.  By its plain

language, the "bad faith" statute applies broadly to any actions "arising under an

insurance policy" and has been found to govern insurer-insured disputes regarding

various types of insurance coverage. Terletsky v. Prudential Property and Casualty Ins.

Co., 437 Pa. Super. 108, 124-125, 649 A.2d 680, 687-688 (1994).

Under the PMVFRL, an insurer that issues liability insurance policies for any

vehicle required to be registered with the State is required to include certain minimum

benefits.  75 Pa.C.S.A. § 1711.  Section 1797 of the PMVFRL, enacted in 1990,

establishes a procedure for evaluating the reasonableness and necessity of claims with

respect to charges for medical treatment by permitting an insurer to employ a PRO.

6

Section 1797(b) authorizes an automatic award of statutory interest (12 percent) "and all attorney's fees" if a court determines that health care treatment was "medically necessary" and the insurer has refused to pay for the medical care without first challenging the reasonableness or necessity of such treatment before a PRO. 75 Pa.C.S.A. § 1797(b)(4)(6). Section 1797(b)(4) exposes an insurer to treble damages if it engages in "wanton" conduct while refusing to pay medical expense benefits without first seeking a peer review.

The vast majority of Courts have concluded that no cause of action for bad faith exists pursuant to 42 Pa.C.S.A. § 8371 for the denial of payment for first party medical benefits because Sections 8371 and 75 Pa.C.S.A. §1797 are irreconcilable. These Sections are irreconcilable because they provide for different damages and require different standards to be met. See cases cited infra at pp. 8-10. The damages specified by the legislature in the event of wanton or "bad faith" conduct by an insurer are different and the rate of interest to be awarded is also different. Compare 42 Pa.C.S.A. § 8371 and 75 Pa.C.S.A. § 1797. Pursuant to the Statutory Construction Act,

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa. C.S.A. § 1933. Due to the fact that these Sections are irreconcilable, the narrower

7

of the two should apply. <u>Barnum v. State Farm Mutual Ins. Co.</u>, 430 Pa. Super. 488, 496,

635 A.2d 155, 158 (1993) [2]. The provisions of 75 Pa.C.S.A. § 1797 are narrowly limited

to those situations in which a disputed claim is to be submitted to the PRO procedure. <u>Id.</u>

With respect to such claims, the procedure to be followed is set forth with specificity, and

the remedy, whether the procedure is followed or not, is set forth with equal specificity.

<u>Id.</u> If the procedure is followed by an insurer, its liability cannot be greater than that set

forth therein. <u>Id.</u> at 496, 158-159. If it follows the PRO procedure, it cannot be subjected

to damages for "bad faith". <u>Id.</u> at 496, 159. Therefore, the specific provisions of 75

Pa.C.S.A. § 1797 must be deemed an exception to the general remedy for "bad faith"

contained in 42 Pa.C.S.A. § 8371. <u>Id.</u> Section 1797 provides the exclusive remedy for

first party medical benefit claims. <u>Id.</u>

     Even after the partial reversal of <u>Barnum</u>, numerous State Courts have held that

Section 1797 is the exclusive remedy for insureds aggrieved by peer reviews and deemed

Section 8371 as subservient to Section 1797(b) in that context. <u>Grissinger v. Nationwide</u>

<u>Mutual Ins. Co.</u>, 39 Pa. D. & C. 4th 209, 214-216 (Dauph Cty. 1998); <u>Evans v. State Farm</u>

<u>Ins. Co.</u>, 39 Pa. D. & C. 4th 193, 200-201 (Elk Cty. 1997); <u>Kuropatwa v. State Farm</u>

<u>Mutual Automobile Ins. Co.</u>, 29 Pa. D. & C. 4th 494, 504 (Bucks Cty. 1995) aff'd mem.,

---

[2] <u>Barnum</u> was reversed in part by the Pennsylvania Supreme Court's decision in <u>Terminato v. Pennsylvania</u>
<u>National Ins. Co.</u>, 538 Pa. 60, 67, 645 A.2d 1287, 1290 (1994). The Court in <u>Barnum</u>, determined two issues: 1) an
insured cannot commence litigation if [s]he fails to request reconsideration of a PRO denial; and 2) no claim
pursuant to 42 Pa.C.S.A. §8371 exists for the denial of first party medical payments. <u>Barnum</u>, 430 Pa. Super. at
494, 496, 635 A.2d at 157, 158-159. The Court in <u>Terminato</u> only addressed the first issue and held that an insured
does not need to exhaust the PRO process before initiating a lawsuit for payment of first party medical benefits.
<u>Terminato</u>, 538 Pa. at 68, 645 A.2d at 1291. <u>Terminato</u>, however, was silent on the second issue, and therefore,
<u>Barnum</u> is still good law.

454 Pa. Super. 714, 685 A.2d 1050 (1996), rev'd on other grounds, 554 Pa. 456, 721 A.2d 1067 (1998)(rejecting the contention that an insurer engaged in "bad faith" by intentionally selecting a biased PRO with "a low percentile approval rate" for medical expense reviews).

Further, and more importantly, the Third Circuit held, before Barnum's partial reversal, that Section 1797 was the exclusive remedy when a claim for first party medical benefits was involved. Gemini Physical Therapy & Rehab. Inc. v. State Farm Mut. Auto. Ins. Co., 40 F.3d 63, 67 (3d Cir. 1994). Even after Barnum's partial reversal, the majority of the Judges of the United States District Court for the Eastern District of Pennsylvania have applied the rationale of Gemini and Barnum in determining that Section 8371 is irreconcilably inconsistent with Section 1797(b). Panameno v. State Farm Mut. Auto. Ins. Co., 1999 WL 320916 (E.D. Pa. 1999)(Ludwig J.); Cardwell v. State Farm Mut. Auto Ins. Co., 1999 WL 239363 (E.D. Pa. 1999)(Buckwalter, J.); Gargiulo v. Allstate Ins. Co., 1997 WL 551794 (E.D. Pa. 1997)(Fullam, S.J.); Seasor v. Liberty Mut. Ins. Co., 941 F. Supp. 488, 492-493 (E.D. Pa. 1996)(Broderick, J.); Stewart v. State Farm Mut. Auto Ins. Co., 1996 WL 153546 (E.D. Pa. 1996)(Kelly, J.); Grevy v. State Farm Insurance Companies, 1996 WL 107851 (E.D. Pa. 1996)(Reed, J.); Cohen v. American Intl. Ins. Co., 1996 WL 103793 (E.D. Pa. 1996)(Yohn, J.); Mahnke v. Maryland Casualty Co., 1995 WL 574371 (E.D. Pa. 1995)(Padova, J.); Bennet v. State Farm Fire and Casualty Ins. Co., 890 F. Supp. 440 (E.D. Pa. 1995)(Joyner, J.); McGrane v. Liberty Mut. Ins. Co., 1994 WL 649353 (E.D. Pa. 1994)(Bechtle, J.).

9

A few Courts have carved out an exception to the position discussed above, after the Pennsylvania Supreme Court's partial reversal in <u>Barnum,</u> and have held that the "bad faith" provisions of Section 8371 are applicable to peer review denials in which the PRO exceeds its statutory power by formulating a "causation" finding. <u>Neun v. State Farm Ins. Co.,</u> 1996 WL 220980, (E.D. Pa. 1996)(Hutton, J.); <u>Schwartz v. State Farm Ins. Co.,</u> 1996 WL 189839 (E.D. Pa. 1996)(Rendell, J.). These Courts have found that Section 8371 and Section 1797 are reconcilable in a peer review case since the "bad faith" statute addresses wrongful conduct by insurers in connection with peer review denials whereas the treble sanctions in Section 1797(b) are confined to instances in which the insurer has not submitted medical bills to a PRO. <u>Neun,</u> 1996 WL 220980, *3; <u>Schwartz,</u> 1996 WL 189839, *5-8. However, in order to sustain a claim for "bad faith" pursuant to Section 8371, there must be an allegation that the PRO exceeded its statutory authority by denying payment of first party benefits on the basis of causation and not reasonableness or necessity. <u>Id.</u>

The PRO in this case did not opine on causation. <u>See</u> Exhibit "H". In fact, Plaintiff does not even allege that a PRO review was performed at all, much less improperly performed. Regardless, there is no dispute that a PRO review was performed and that it was performed for the purpose of determining the reasonableness and necessity of Plaintiff's treatment. <u>See</u> Exhibit "H". Further, the proper PRO procedure was followed in that State Farm submitted the bills for review within ninety (90) days of their receipt, the PRO requested the necessary records from the providers and the PRO timely

submitted its review within thirty (30) days of the receipt of these records.  See Exhibits

"E", "F", and "G" ; see also 75 Pa.C.S.A. § 1797(b)(1), 31 Pa. Code § 69.52(b)-(d).  In

these circumstances,  an insured seeking payment of first party medical benefits should be

limited to recovery pursuant to Section 1797(b) and is barred from pursuing a "bad faith"

claim pursuant to 42 Pa.C.S.A. § 8371.

　　　　In the present matter, Plaintiff has made a bald allegation in his Complaint that

State Farm somehow acted in "bad faith" by withholding payment of his first party

medical benefits.  See Exhibit "A" at ¶11.  Plaintiff has failed to set forth a statutory basis

to support his claim.   In light of the case law discussed above, Plaintiff cannot set forth a

claim pursuant to 42 Pa.C.S.A. § 8371 for "bad faith" because the propriety of a denial of

first party medical benefits can only be challenged pursuant to 75 Pa.C.S.A. §1797.

Therefore, Plaintiff's claim for "bad faith" must be dismissed.

> **3.    Plaintiff's Complaint must be dismissed because, as a matter of
> law, a cause of action pursuant to 75 Pa. C.S.A. § 1797(b) does
> not exist when a claim has been submitted to a PRO review**

　　　　Even if Plaintiff seeks to recover pursuant to 75 Pa.C.S.A. § 1797(b) (i.e. "without

just cause, withheld payments"), the Complaint must be dismissed because such a claim

cannot be sustained due to the procedural background of this case.  75 Pa.C.S.A.

§1797(b)(4) provides:

> Appeal to court.  A provider of medical treatment or
> rehabilitative services or merchandise or an insured may
> challenge before a court an insurer's refusal to pay for
> past or future medical treatment or rehabilitative services
> or merchandise, **the reasonableness or necessity of which**

> **the insurer has not challenged before a PRO**. Conduct
> considered to be wanton shall be subject to a payment of
> treble damages to the injured party.

(emphasis added). Thus, this Section is only applicable when an insurer has not

challenged the reasonableness or necessity of first party medical benefits before a PRO.

Neun, 1996 WL 220980, *3; Schwarz, 1996 WL 189839, * 5-8; Bacstrom v. State Farm

Ins. Co., 40 Pa. D. & C. 4th 330, 336-338 (Franklin Cty. 1998).

　　In the present matter, this Section is not applicable because Plaintiff's bills for

payment of first party medical benefits were submitted to a PRO review.  State Farm paid

out $79,435.33 in first party medical benefits on behalf of Plaintiff. See Exhibit "D".

State Farm then timely requested a PRO to review the medical bills submitted by Dr.

Stuart Kauffman, Riverside Physical Therapy and Shelly's Pharmacy regarding the

medical reasonableness and necessity of Mr. Forte's ongoing treatment and numerous

prescriptions for pain medication. See Exhibit "E".  This review concluded that the

treatment of Dr. Stuart Kauffman from December 6, 2001 and beyond, Riverside Physical

Therapy from January 11, 2002 and beyond, and Shelly's Pharmacy from December 22,

2001 and beyond was unreasonable and unnecessary.  See Exhibit "H" at bate stamp

#0961.  Therefore, payment of these bills was denied, and Plaintiff cannot challenge said

denial pursuant to 75 Pa.C.S.A. §1797(b) because these claims were clearly properly

submitted for a PRO review.  See Exhibit "I".

　　Not only is Plaintiff precluded from recovery under this Section due to the

submission of Plaintiff's medical bills to a PRO review, but Plaintiff could not receive

12

treble damages pursuant to this Section because no wanton conduct has been alleged. Treble damages can only be recovered for the wanton conduct of the insurer. 75 Pa. C.S.A. § 1797. Plaintiff's Complaint contains no allegations whatsoever of any wanton conduct on the part of State Farm. Therefore, a cause of action pursuant to Section 1797 cannot be maintained, and Plaintiff's Complaint must be dismissed.

Plaintiff's sole remedy is to allege breach of contract for State Farm's alleged withholding of first party medical payments because he has no claim pursuant to Section 8371 or Section 1797. Plaintiff's Complaint, however, fails to set forth such a claim and, therefore, must be dismissed. Since no possible cause of action could exist under either of these statutes an amendment to more specifically and properly plead same would be futile.

**B.**  **In the Alternative, State Farm's Motion for a More Definite Statement Should be Granted and Plaintiff Should be Ordered to File an Amended Complaint Setting Forth his Allegations of Breach of Contract and Damages With More Specificity and his Statutory Basis for Recovery**

Pursuant to Federal Rule of Civil Procedure 12(e),

> if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

A pleading must be sufficient enough to enable the court and opposing counsel to make out the potential viable legal theories upon which a complaint is based. Hicks v. Arthur, 843 F. Supp. 949, 959 (E.D. Pa. 1994).

13

In the present matter, the only Paragraph of Plaintiff's Complaint that addresses the legal theory upon which he bases his claim for relief is Paragraph 11. This Paragraph states, "Defendant has, in bad faith and without just cause, withheld payments of defendant[']s pharmaceutical bills." [3] See Exhibit "A" at ¶ 11. Plaintiff does not cite the provisions in the insurance policy under which he is proceeding and has not specified the damages sought. From the allegations contained in the Complaint, State Farm does not know whether Plaintiff is even pursuing a breach of contract claim unless the languge "without just cause, withheld payments of same," could be broadly construed to include such a claim. State Farm would be extremely prejudiced if it were forced to respond to Plaintiff's Complaint when it cannot determine what legal claims are being made. In light of the fact that Plaintiff's Complaint is unclear as to whether it asserts a legal cause of action for breach of contract, State Farm respectfully requests that this Honorable Court order Plaintiff to file an Amended Compliant setting forth his contract claim, if any, with more specificity.

## IV.    CONCLUSION

For all the above stated reasons, Defendant, State Farm, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint Pursuant to F. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint in its entirety. In the alternative,

---

[3] Defendant assumes, for purposes of this Motion only, that Plaintiff intended to plead that payment of Plaintiff's and not "Defendant[']s" pharmaceutical bills was withheld.

14

Plaintiff respectfully requests that this Honorable Court grant its Motion for a More

Definite Statement Pursuant to F. R. Civ. P. 12(e) and order Plaintiff to file an Amended

Complaint within ten (10) days if he intends to pursue a contract claim.


BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Elizabeth Luening Long, Esquire
Attorney. I.D. No.: 84845

Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
(215) 569-6900
Attorneys for Defendant


Dated: 5/16/02

**EXHIBITS NOT SCANNED**

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Motion to Dismiss Plaintiff's Complaint

Pursuant to F.R. Civ. P.12(b)(6) and Alternative Motion Pursuant to F.R. Civ. P. 12(e)

was mailed by regular U.S. mail  to the below listed counsel:


        Richard D. Malmed, Esquire
        1401 Walnut Street, Suite 300
        Philadelphia, PA 19102


                          Joseph M. Hankins, Esquire

Dated:  5/16/02